In the

# United States Court of Appeals
## For the Seventh Circuit

No. 23-1680

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DIJON FOSTON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 17 CR 40 — **John J. Tharp, Jr.**, *Judge*.

ARGUED JUNE 5, 2024 — DECIDED JULY 23, 2024

Before EASTERBROOK, BRENNAN, and JACKSON-AKIWUMI,
*Circuit Judges.*

EASTERBROOK, *Circuit Judge*. Dijon Foston pleaded guilty to
four crimes: conspiracy to engage in racketeering (18 U.S.C.
§1962(d)) (RICO), possession of marijuana with intent to dis-
tribute (21 U.S.C. §841(a)(1)), possession of a firearm as a felon
(18 U.S.C. §922(g)(1)), and possession of a firearm in connec-
tion with a drug offense (18 U.S.C. §924(c)(1)). The prosecutor
dismissed two other charges: possessing another firearm and

intimidating a witness. The judge sentenced Foston to 143 months on the racketeering and drug charges and 120 months on one of the gun charges. These three sentences run concurrently. The sentence on the second gun conviction is 60 months, consecutive to the other three sentences. The total is 203 months in prison, to be followed by three years' supervised release. Since the bottom of Foston's range under the Sentencing Guidelines is 262 months, this is a favorable outcome for him.

Foston contends on appeal that the judge should not have accepted his guilty plea on the racketeering charge, because the colloquy under Fed. R. Crim. P. 11 did not accurately inform him of that charge's nature. Because he did not move in the district court to withdraw that plea, relief in this court depends on a finding that accepting the plea was plain error. For that to be so, Foston must show an error, that is plain, and that affected his substantial rights (i.e., caused prejudice). See, e.g., *United States v. Olano*, 507 U.S. 725, 732–35 (1993), applied to guilty pleas in *United States v. Vonn*, 535 U.S. 55 (2002). Showing these three things is not enough unless the court also concludes that the error seriously affected the fairness, integrity, or public reputation of the judicial process. 507 U.S. at 736. And "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). As a practical matter, the inquiries into prejudice and whether the defendant would have pleaded guilty in the absence of the error often come to the same thing. *Id*. at 85.

The indictment alleged, and Foston admitted, that he was a member of the LAFA street gang in Chicago and promoted the gang's activities by selling drugs, robbing at least one person at gunpoint, and threatening at least one other person at gunpoint to prevent that person from speaking with law enforcement. The indictment depicted LAFA as an enterprise that engaged in multiple predicate criminal offenses, and it alleged that Foston engaged in a pattern of racketeering activity on the gang's behalf. These allegations match the statutory elements of the offense. Conspiracy is an agreement to commit some other offense. For Foston that other offense is defined by §1962(c) as conducting an enterprise's affairs through a pattern of racketeering activity.

Foston knew of these elements before pleading guilty. The prosecutor described them in open court, and Foston himself filed with the court a written declaration of his activities that he conceded the prosecutor could establish at trial. Neither the declaration nor the prosecutor's statement used the word "elements," but legal verbiage is not essential. The statements and the declaration show that Foston knew the charge.

Nonetheless, Foston asserts that the judge failed to comply with Rule 11(b)(1)(G), which requires the judge to inform the defendant in open court of the offense's "nature". According to Foston, the judge had to tell him that guilt depends on proof that he conspired to perform services helping the enterprise's leaders. That does not appear in the statutory text, but our decision in *Brouwer v. Raffensperger, Hughes & Co.*, 199 F.3d 961, 967 (7th Cir. 2000), a civil case, says that to violate §1962(c) a person must "agree to perform services of a kind which facilitate the activities of those who are operating the enterprise". Similar language appears in the *William J. Bauer*

*Pattern Criminal Jury Instructions of the Seventh Circuit* 836 (2023). The pattern instructions do not state where this language comes from. At about the time the draft pattern instructions were being circulated for review, *United States v. Farmer*, 38 F.4th 591, 602 (7th Cir. 2022), recapped the ingredients of a RICO conspiracy this way: "(1) an agreement to conduct or participate in the affairs (2) of an enterprise (3) through a pattern of racketeering activity". *Farmer* did not mention services assisting the enterprise's managers or operators.

The most one can say about this topic is that the Seventh Circuit has an internal disagreement about whether a RICO conspiracy includes an extra-statutory requirement of agreement to assist persons with direction over the enterprise. So even if we assume that *Brouwer* is right about this subject, the district judge's error in omitting this information is not "plain" (*Olano*'s second step). Given the conflict, neither *Brouwer* nor *Farmer* can be treated as the only possible understanding of §1962. A conflict in judicial decisions does not produce a "plain" answer to a legal issue. The Seventh Circuit needs to resolve this disagreement, but the occasion for that resolution will be a case in which the issue has been properly briefed in the district court and on appeal.

Then there is the matter of prejudice. Foston received a discount for accepting responsibility, plus the dismissal of two of the indictment's counts. (The prosecutor was not bound by a plea agreement to dismiss those charges but elected to do so in light of Foston's guilty pleas.) Revoking his guilty plea to the RICO charge would put these benefits in jeopardy—and without much prospect of a return, given that the sentence on the RICO conviction runs concurrently with an equal 143-month sentence on the drug-distribution count.

The only marginal punishment for the RICO conviction is the $100 special assessment. If convicted on the RICO charge at trial, Foston would face a higher sentencing recommendation under the Guidelines, having lost the acceptance-of-responsibility discount for the RICO count. He also might lose his below-range sentence.

The very best outcome for Foston would be an acquittal on the RICO charge, accompanied by retaining the acceptance-of-responsibility benefit on the three remaining convictions and the prosecutor's decision not to reinstate the two dismissed charges. Yet it is hard to see how even that would help him. At oral argument his lawyer asserted that the Guideline range on the remaining three convictions would fall, leading to less time in prison (or at least a lesser recommended time). The problem with this position is that the RICO conviction did not affect the Guideline range, which was driven by Foston's status as a career offender plus his firearms convictions.

Foston's offense level (34) was higher than the one that would apply under the career-offender Guideline (32), and the greater of the two applies, U.S.S.G. §4B1.1. But because Foston also was convicted of violating 18 U.S.C. §924(c) and another statute, the career-offender Guideline provides that his range is the greater of: (1) the range resulting from adding §924(c)'s 60-month mandatory minimum to the range for his other offenses; or (2) the range set out in U.S.S.G. §4B1.1(c)(3), which for Foston was 262 to 327 months because he qualified for a three-level reduction for accepting responsibility. U.S.S.G. §4B1.1(c)(2), (3). The range under the first of those alternatives is lower than 262 to 327 months, so Foston's final range was 262 to 327 months.

If Foston were to be acquitted of the RICO conspiracy charge, his range would not change. Foston would still be a career offender and would still have convictions for violating §924(c) and another statute. His range under the first alternative above would be 170 to 197 months based on an offense level of 25 (28 for possessing a firearm as a felon minus 3 for accepting responsibility); a criminal-history category of VI because Foston is a career offender; and 60 months added to each end of the range to account for §924(c)'s minimum, U.S.S.G. §4B1.1(c)(2)(A). Because 170 to 197 months is lower than 262 to 327 months, Foston's range again would be 262 to 327 months. U.S.S.G. §4B1.1(c)(2), (3). Foston's actual sentence of 203 months would remain below the low end of the properly computed range.

Acquittal on the RICO charge would not retract any of the admissions Foston made, such as drug distribution, robbery, firearms usage, and witness tampering, that affected his sentence. We appreciate that the removal of a RICO conviction *could* affect the exercise of judicial discretion—though whether it *would* is hard to gauge. Because Foston could have suffered major losses by forfeiting the acceptance-of-responsibility deduction and having other charges reinstated, we doubt that he would have taken those risks just to secure a chance of a discretionary benefit, should he be acquitted of the RICO charge at trial. This means that the requirement of *Dominguez Benitez* is not met.

The upshot is that, even if we assume that the district judge committed an error, that error was neither plain nor prejudicial. Under the text of Fed. R. Crim. P. 52(b) and the holding of *Olano*, Foston is not entitled to relief.

AFFIRMED